# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4000 | **DATE** | 10/23/2001 |
| **CASE TITLE** | MELVIN BUTTS vs. TRITON COLLEGE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Status hearing held and continued to 11/20/01 at 9:30 a.m. Enter Memorandum Opinion And Order. Defendant's 12(b)(6) motion to dismiss is granted in part and denied in part. Plaintiff's Fourteenth Amendment claim is dismissed without prejudice. The motion to dismiss the First Amendment and retaliatory discharge claims is denied. Defendant's answer to be filed by 11/13/01.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 25 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN BUTTS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TRITON COLLEGE,<br><br>　　　　　Defendant. | No. 01 C 4000<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Melvin Butts, commenced an action against defendant, Triton College (the College), alleging that defendant violated 42 U.S.C. §1983 and plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution. Plaintiff also alleges a state law claim for wrongful termination. Before this Court is defendant's Motion to Dismiss under Rule 12(b)(6).

## BACKGROUND

Plaintiff was employed by defendant between July of 1997 and June of 2001. Defendant is a community college organized under the laws of the state of Illinois and subject to the rules and regulations of the Illinois Community College Board.

Plaintiff began his employment with the defendant as the Associate Dean of Business and Technology in July of 1997. Plaintiff performed his responsibilities in this position in a satisfactory manner, and his contract with defendant was extended on January 28, 1998, until June 30, 2000. On March 19, 1998, plaintiff was appointed interim Dean of Business and Technology. On January 27, 2000, plaintiff was approved for a promotion as the Dean of Business and Technology. Plaintiff assumed his new position on January 31, 2000.

On June 24, 2000, plaintiff was directed by his superiors to withdraw the engineering and machine tool technology programs at the College. Instead of terminating these programs, plaintiff



investigated whether termination of the programs was appropriate under Illinois law. Plaintiff concluded that the termination of the programs at the College would have been in violation of Illinois law because the number of full-time students majoring in the programs was too high for the programs to be terminated. Plaintiff did not terminate the programs.

In September 2000, plaintiff was advised by his superiors that his actions in failing to terminate the programs would lead to his discharge. In October 2000, plaintiff was again evaluated. The evaluation noted a concern that plaintiff had a difficult time making administrative decisions and that he needed to "begin to view himself as an administrator and carry out the responsibilities that have been given to him". On October 11, 2000, plaintiff submitted a written rebuttal in response to the job evaluation. The rebuttal stated, in part, that the plaintiff "concluded and made the decision that neither program warranted being orderly withdrawn at that time. Ms. Granados disagreed, albeit the evidence was overwhelmingly in support of my conclusions and recommendations." On December 20, 2000, plaintiff was terminated from his position by the President of the College. The President's action was approved by the Board on January 23, 2001.

## DISCUSSION

Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999) (*Scott*). In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**A. Motion to Dismiss as to Count I**

First Amendment

In determining whether an employee's First Amendment right to freedom of expression has been violated after alleging discharge because of what the employee expressed, the court will seek

2

to "balance between the interests of the employee as a citizen, in commenting upon matters of public concern" and the interests of the employer, in "promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968). A claim for retaliation for the exercise of First Amendment rights entails a three-step analysis. First, the court must determine whether the plaintiff's conduct was protected under the First Amendment. *Kokkinis v. Ivkovich*, 185 F.3d 840, 843 (7th Cir. 1999) (*Kokkinis*). The First Amendment's primary aim is the full protection of speech upon issues of public concern. *Connick v. Myers*, 461 U.S. 138, 154 (1983)(*Connick*). If it is demonstrated that the plaintiff's conduct warrants First Amendment protection, the plaintiff must show that the defendant's actions were motivated by the plaintiff's constitutionally protected conduct. *Kokkinis*, 185 F.3d at 843. The plaintiff must show that the defendant would not have taken the challenged actions "but for" the constitutionally protected conduct. *Thomsen v. Romeis*, 198 F.3d 1022, 1027 (7th Cir. 2000) (*Thomsen*). If plaintiff has met this burden, the defendant must show by a preponderance of the evidence that it would have taken the same actions even in the absence of the protected conduct. *Thomsen*, 198 F.3d at 1027.

In determining whether speech is upon an issue of public concern and therefore protected, the court must consider the content, form and context of the speech. *Connick*, 461 U.S. at 147. "Speaking up on a topic that may be deemed one of public importance does not automatically mean the employee's statements address a matter of public concern as the term is employed in *Connick*." *Kokkinis*, 185 F.3d at 844. The public element is lacking if the conduct "concerns a subject of public interest but the expression addresses only the personal effect upon the employee." *Cliff v. Board of School Comm'rs of City of Indianapolis*, 42 F.3d 403, 410 (7th Cir. 1994).

Defendant argues that plaintiff fails to satisfy the first part of the test because his claim is based on his rebuttal to his evaluation. However, a close reading of the complaint indicates that the rebuttal letter is not the alleged protected speech. Instead, the alleged protected speech is informing the defendant that he was not going to terminate the programs. This is directly inferred from his allegation that Ms. Granados disagreed with his conclusion after plaintiff undertook an investigation

3

to determine if terminating the programs was proper and plaintiff's subsequent conduct of not terminating such programs.

Here, plaintiff's speech and conduct pertaining to the legality of terminating courses was a matter of public concern. The purpose of the plaintiff's actions was to make known that terminating the courses was not in accordance with Illinois law and that such action was improper. His actions were not to further some private interest but to further the interests of the public – those who would be enrolled in the programs or would be unable to enroll in such programs if they were terminated. *See Givhan v. Western Line Consolidated School Dist.*, 439 U.S. 410, 415-16 (1979) (freedom of speech is not lost to the public employee who communicates privately with his employer rather than the general public); *Callaway v. Hafeman*, 832 F.2d 414, 417 (7th Cir. 1987) (finding it necessary to "look at the point of the speech in question: was it the employee's point to bring wrongdoing to light? Or to raise other issues of public concern ... Or was the point to further some purely private interest.").

The facts cited above also demonstrate that the plaintiff has sufficiently pled the second and third factors of the test. Plaintiff alleges that the defendant's actions were motivated by his constitutionally protected conduct, *Kokkinis*, 185 F.3d at 843, and that the defendant had no other reason to take such action, *Thomsen*, 198 F.3d at 1027. Accordingly, plaintiff's first amendment claim is not dismissed.

Fourteenth Amendment

In determining if an employee's Fourteenth Amendment rights were violated, the analysis depends on whether or not the employee had a property right in continued employment with the employer. *Ulichny v. Merton Community School District*, 249 F.3d 686, 699 (7th Cir. 2001) (*Ulichny*). If an employee does have a property interest in his position, the employer cannot terminate him without the protections of due process. *Ulichny*, 249 F.3d at 699. The employment contract must show that the employer had a reciprocal obligation to provide the position for the employee in order for the employee to be entitled to "go to work" and thus have a property right in

4

his job. *Ulichny*, 249 F.3d at 700-01, quoting *Terry v. Woods*, 803 F.Supp. 1519, 1523-24 (E.D.Wis.1992). To establish such a property right, the plaintiff must show that he had more than an abstract need or desire for it; the plaintiff must establish that he had a legitimate claim or entitlement to it. *Ulichny*, 249 F.3d at 702, quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

In the present case, plaintiff failed to allege in his complaint that he had a constitutionally protected property right in his position as Dean of Business and Technology with defendant. Plaintiff did not allege that his employment contract with defendant imposed a reciprocal duty upon defendant to maintain and continue his position even after plaintiff refused to follow the orders of his superiors. Plaintiff's expectation in maintaining his position after refusing to withdraw the programs was not enough to establish a constitutionally protected property interest in his position. Accordingly, plaintiff's Fourteenth Amendment claim is dismissed.

**B. Motion to Dismiss as to Count II**

To state a cause of action for retaliatory discharge, plaintiff must establish that he was (1) discharged, (2) in retaliation for his activities, and (3) that the discharge violates a clear mandate of public policy. *Long v. Commercial Carriers, Inc.*, 57 F.3d 592, 594 (7th Cir. 1995).

Defendant argues that plaintiff did not adequately state the statutory provision that pertained to his action so the Court is unable to determine if plaintiff's discharge violates a clear mandate of public policy. However, at this stage of the litigation, the plaintiff has sufficiently pled facts that put the defendant on notice of the claims against it. While future discovery may lead to information that proves plaintiff cannot prove this cause of action, such conclusions are not appropriate at the motion to dismiss stage. *See Scott*, 195 F.3d at 951.

## CONCLUSION

For the reasons set forth above, defendant's 12(b)(6) Motion to Dismiss is granted in part and denied in part. Plaintiff's Fourteenth Amendment claim is dismissed without prejudice. The motion to dismiss the First Amendment and retaliatory discharge claims is denied.

Dated:

JOHN W. DARRAH
United States District Judge